IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ARMSTRONG, SR.,

    Plaintiff,                               No. 2:12–cv-2037 LKK CKD P

    vs.

R. BARNES, et al.,

    Defendants.                     ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  In order to avoid dismissal for failure to state a claim a complaint must contain
7  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
8  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
9  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
11 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
12 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
14 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
15 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).

18 Plaintiff's complaint concerns medical care he is receiving at High Desert State
19 Prison.  He asserts that he suffers from a condition called "short bowel syndrome," and, as a
20 result, he takes a medication called Loperamide which counteracts diarrhea.  Recently, medical
21 staff at High Desert changed the brand of the drug given to plaintiff to "Mylan 2100" from a
22 generic form Loperamide manufactured by Teva.  Plaintiff asserts that "Mylan 2100" is not as
23 effective as the generic version he was taking.

24 These facts do not amount to a claim upon which relief can be granted in this
25 court.  Assuming Loperamide is properly prescribed for plaintiff, plaintiff does not have a right
26 arising under federal law to be prescribed a particular brand of that drug.  While plaintiff asserts

"Mylan 2100" is less effective for plaintiff than the generic form of Loperamide, that does not appear to be possible. If "Mylan 2100" and the generic form of Loperamide manufactured by Teva are not the same drug, or are different in any meaningful respect, plaintiff has not made that clear.

For these reasons, plaintiff's complaint will be dismissed. The court will, however, grant leave to file an amended complaint so that plaintiff may attempt to cure the deficiencies in his pleadings. Plaintiff is informed that the Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." In his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

3

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's request for the appointment of counsel (Dkt. No. 3) is denied.

Dated: November 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
arms2037.14