IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ARMSTRONG, SR.,

    Plaintiff,                       No. 2:12-cv-2037 LKK CKD P

    vs.

R. BARNES, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed January 24, 2013, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

       In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that when he arrived at High Desert State Prison in 2005, he was taking the drug Loperamide Hydrochloride for "short bowel syndrome."  In September, 2011, the brand of Loperamide Hydrochloride plaintiff received at High Desert changed.  He had been receiving pills manufactured by Teva, USA.  After September, 2011, plaintiff began to receive pills called Mylan 2100.  Plaintiff does not indicate why the change was made or who ordered the change. Plaintiff alleges that as a result of this change he suffers more frequent diarrhea.

The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.

While plaintiff asserts he has suffered more frequent diarrhea as a result of his taking Mylan 2100, plaintiff fails to indicate that Mylan 2100 is different in any way from the pill he was previously taking.  Both pills appear to simply be Loperamide Hydrochloride manufactured by different companies.  That being the case, plaintiff has not provided facts suggesting any
/////

defendant did anything to cause plaintiff injury.  Furthermore, plaintiff does not identify any defendant as being responsible for the change to Mylan 2100.

For all the foregoing reasons, the court will recommend that plaintiff's second amended complaint be dismissed.  Because the court already informed plaintiff of the deficiencies with respect to his claims and provided plaintiff an opportunity to file an amended complaint, providing plaintiff another opportunity to amend will serve no purpose.[1]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
arms2037.dis

---

[1] Plaintiff also attempts to assert a claim under the Americans with Disabilities Act in his second amended complaint.  However, plaintiff does not state a claim upon which relief can be granted under the ADA because plaintiff is not alleging that a qualifying disability is preventing him from receiving services or participating in programs or activities provided by the California Department of Corrections and Rehabilitation at High Desert State Prison.  See 42 U.S.C. § 12131.

3